IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No: 1:20-CV-00191-PAB-STV

JOHANNA VANDERLAAN,
Plaintiff,

v.

AMERIPRISE AUTO AND HOME INSURANCE d/b/a/ IDS PROPERTY CASUALTY INSURANCE COMPANY,
Defendant.

**DEFENDANT'S RENEWED MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF PLAINTIFF'S NON-RETAINED EXPERT, DR. SAMEERAH WONG**

Defendant, Ameriprise Auto and Home Insurance Company ("Ameriprise"), by and through its counsel, Giometti & Mereness, P.C., hereby submits this Renewed Motion to Exclude or Limit the Testimony of Plaintiff's Non-Retained Expert, Dr. Sameerah Wong, pursuant to Fed. R. Civ. P 26(a)(2)(C) and Fed. R. Civ. P. 37(c)(1), as follows:

## I. CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(a), the undersigned certifies that the parties have had multiple communications about the filing and subject matter of this motion, by email, by telephone, and via Zoom video conferencing and Plaintiff opposes the motion and the relief requested herein.

## II. INTRODUCTION

Ameriprise filed an earlier version of this Motion on December 30, 2020 (Dkt. 43), but that motion was withdrawn without prejudice to refile based upon a dispute over conferral (Dkts. 44 & 45). After exhaustive conferral, Ameriprise now files this Renewed Motion.

This Motion seeks to preclude the Plaintiff ("Ms. Vanderlaan") from presenting any opinion testimony from her treating physician, Dr. Sameerah Wong ("Dr. Wong"), regarding

1

issues of medical causation, physical impairment, permanency of injury, or any other issues beyond the scope of her provision of treatment, including any opinions in rebuttal of Ameriprise's expert, Dr. Robert Messenbaugh.

On October 5, 2020, Ms. Vanderlaan served her Rule 26(a)(2) expert witness disclosures, attached as **Exhibit A**. These disclosures identify Dr. Wong as a non-retained expert. The disclosures state generically that Dr. Wong will testify about the cause of Ms. Vanderlaan's alleged injuries and will testify regarding any opinions contained in her medical records. On November 3, 2020, Ameriprise served its Rule 26(a)(2) expert witness disclosures and identified Dr. Robert Messenbaugh as one of its experts. *See* **Exhibit B**. Dr. Messenbaugh's report had originally been disclosed to Ms. Vanderlaan's counsel almost a year earlier, on November 20, 2019. *See* **Exhibit C**, correspondence of November 20, 2019, enclosing Dr. Messenbaugh's report. In her deposition taken on December 14, 2020, through questioning by Ms. Vanderlaan's counsel, Dr. Wong, for the first time, expressed opinions in rebuttal of Dr. Messenbaugh's opinions.

The disclosure of Dr. Wong as an expert witness is deficient because no reports, including rebuttal reports, have been provided for this expert setting forth her opinions or the basis and reasons supporting any such opinions. Moreover, any rebuttal opinions held by Dr. Wong are untimely because they weren't disclosed until her deposition, two weeks after the rebuttal witness disclosure deadline. As discussed below, where treating physicians are endorsed to testify to matters that are beyond the scope of provided treatment, such as injury causation, reports compliant with Fed. R. Civ. P. 26(a)(2)(B) must be disclosed. Moreover, even if reports were not required pursuant to Rule 26(a)(2)(B), the disclosures are inadequate because they do not comply with Fed. R. Civ. P. 26(a)(2)(C), which mandates disclosure of "a summary of the facts and

opinions to which the witness is expected to testify." Ms. Vanderlaan's disclosures are deficient because they contain only generic statements regarding testimony about causation or opinions contained in the medical records, without identifying any specific opinions, references to specific records containing such opinions or the basis and reasons for such opinions. In addition, any rebuttal opinions held by Dr. Wong are untimely, and even if her deposition testimony were deemed to constitute a rebuttal disclosure, the basis and reasons for Dr. Wong's rebuttal opinions were not adequately expressed in her deposition. Because these disclosure violations were not substantially justified and are not harmless, any opinion testimony by Dr. Wong regarding injury causation, permanency, physical impairment or other such issues, including rebuttal testimony, must be excluded pursuant to Fed. R. Civ. P. 37(c)(1).

### III. FACTUAL CONTEXT

The challenge this Motion raises to the proffered testimony of Dr. Wong is particularly important because the key factual issue in this UIM/bad faith case is one of medical causation. On May 29, 2019, Ms. Vanderlaan submitted a demand to Ameriprise for payment of the UIM policy limits of $250,000. *See* Scheduling Order, Docket No. 25. The disputed causation issues, which will require expert testimony to resolve, are highlighted by both the allegations in the Complaint (*see* **Exhibit D**) and other evidence in the case. The key points of Ms. Vanderlaan's claim, as set forth in the Complaint, may be summarized as follows:

Ms. Vanderlaan was stopped at a stop light when Mr. Gunnare rear-ended her Ford Focus at 50 miles per hour.[1] **Exhibit D**, ¶ 6-7. At the time of the accident, Ms. Vanderlaan, who was 79 years old, was working as a caretaker at Visiting Angels. *Id.*, ¶ 13. As a result of the accident, Ms.

---

[1] The speed at which the impact occurred is highly disputed. Ameriprise's expert, Dr. Wood, has concluded the impact speed was 10 miles per hour or less.

Vanderlaan "lost consciousness," and "suffered injuries including but not limited to a fractured coccyx/tailbone and injuries to her brain and lumbar spine." *Id*, ¶ 9, 11. She also "require[d] transforaminal epidural steroid injections to manage her back pain." *Id*., ¶ 12. On May 27, 2016, Ms. Vanderlaan received treatment at Kaiser Permanente Urgent Care in Lone Tree, Colorado. *Id*., ¶ 10. According to the Complaint, "[t]o date, Plaintiff lives in constant pain." *Id*., ¶ 14.

However, Ms. Vanderlaan's Complaint omits important facts militating against a finding that the accident caused a coccyx fracture or caused or aggravated a lumbar spine injury necessitating medical treatment in excess of $100,000, as she has claimed in this case. This evidence includes the following:

The State of Colorado Traffic Accident Report ("TAR") indicates that no one reported any injury to the investigating police officer. *See* TAR, attached as **Exhibit E**. Photographs of the vehicles involved in the accident show a moderate impact, contradicting the information Ms. Vanderlaan supplied to her health care providers. *See* photographs attached as **Exhibit F**. An accident reconstruction report by Dr. Rawson Wood, attached as **Exhibit G**, concludes that the impact speed of the vehicle that struck the Ford Focus was approximately 10 miles per hour, and the Ford Focus experienced a speed change of approximately six miles per hour. Ms. Vanderlaan testified that she did not see Mr. Gunnare's vehicle before impact and has no way to estimate its speed. *See* Ms. Vanderlaan's deposition, attached as **Exhibit H**, p. 36-37. Ms. Vanderlaan saw several physicians at Kaiser on the date of the accident, none of whom recorded any complaints of low back pain or injury by Ms. Vanderlaan or any indication of a coccyx fracture. For example, Dr. Eric Groce testified that there was no back pain indicated in the medical record of May 27, 2016. *See* Deposition of Dr. Groce, attached as **Exhibit I**, p. 6-13 & Exhibit 20. Likewise, Dr.

4

Chris Frazier testified that an exam of her musculoskeletal system appeared normal with no signs of edemas or tenderness. *See* Deposition of Dr. Frazier, attached as **Exhibit J**, p. 8-17 & Exhibit 18. In addition, Dr. Mischa Haroutunian testified that when she examined Ms. Vanderlaan on May 27, 2016, "she did not have any thoracic or lumbar spine pain" and she found no lumbar tenderness on examination. *See* Deposition of Dr. Haroutunian, attached as **Exhibit K**, p. 6-13 & Exhibit 51. Ms. Vanderlaan fails to mention that there is no documentation in her medical records of any complaints of lower back pain or coccyx pain for more than several weeks after the accident. When Dr. Wong saw Ms. Vanderlaan on June 7, 2016 and June 14, 2016, Ms. Vanderlaan did not report any lower back or coccyx complaints, and Ms. Vanderlaan first reported low back symptoms at Kaiser on June 23, 2016 and did not report lower back issues to Dr. Wong until June 28, 2016. *See* Deposition of Dr. Wong, attached as **Exhibit L**, p. 39, 2-7; *see also* Dr. Wong's medical records attached as **Exhibit M**. Ms. Vanderlaan has a long history of low back complaints dating back to at least 2008, when she had an MRI of the lumbar spine. A lumbar spine X-ray taken on April 5, 2013 and a lumbar spine MRI taken on May 21, 2013, showed severe multilevel degenerative disc disease and facet joint degeneration. The records indicate that such degenerative changes appeared "progressive" since 2008. *See* **Exhibit N**, report of Dr. Marjorie Eskay-Auerbach (orthopedic surgeon), p. 1-6. In his report of October 21, 2019, Dr. Messenbaugh, an orthopedic surgeon, concluded that any evaluation and treatment that Ms. Vanderlaan had for her lower back after the accident was for her chronic condition of lumbosacral spinal degenerative disc disease, stenosis and osteoporosis and not for any acute injury or aggravation that she sustained at the time of the accident. Moreover, a coccygeal fracture could not be confirmed by his review of the radiographs, and, in any case, Ms. Vanderlaan did not sustain a coccygeal fracture due to the accident because

5

if she had, she would have experienced severe, immediate pain, which was not documented in her medical records. *See* **Exhibit O**, report of Dr. Messenbaugh, p. 15-16.

In sum, the critical factual issue in this case is whether or not, as a result of the accident, Ms. Vanderlaan sustained an acute coccyx fracture and an acute injury to her lumbar spine, or an aggravation to her pre-existing degenerative disease, necessitating a plethora of treatments, including multiple spinal epidural injections.

## IV. ARGUMENT

**A.     If Dr. Wong has been endorsed to testify about causation or other matters outside the immediate scope of treatment, a report compliant with Rule 26(a)(2)(B) should have been provided.**

Case law applying Fed. R. Civ. P. 26(a)(2)(C) illustrates why Ms. Vanderlaan's disclosures of Dr. Wong's opinions about causation, and other matters outside the scope of her treatment of the Ms. Vanderlaan, are wholly inadequate. Fed. R. Civ. P. 26(a) requires a party to disclose the identity of all experts it may use at trial to present evidence under Fed. R. Evid. 702, 703, and 705. If such expert witness is "retained or specially employed to provide expert testimony in the case" then his or her disclosure must be contained a written report and disclose the following:

(i)     a complete statement of all opinions the witness will express and the basis and reasons for them;
(ii)    the facts or data considered by the witness in forming them;
(iii)   any exhibits that will be used to summarize or support them;
(iv)   the witness's qualifications, including a list of all publications authored in the previous 10 years;
(v)    a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
(vi)   a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Simply because an expert is designated as a non-retained is not the end of the inquiry. Rather, "[i]t is *the substance of the expert's testimony*, not the status of the expert which will dictate" whether Rule 26(a)(2)(B) materials are required. *Harvey v. United States*, 2005 WL 3164236, at *8 (D. Colo. Nov. 28, 2005), *report and recommendation adopted sub nom. Estate of Harvey, ex rel. Grace v. United States*, 2006 WL 2505850 (D. Colo. Aug. 28, 2006) (emphasis added). Courts in the District of Colorado have consistently held that a "treating physician who has formulated opinions going beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for the purposes of Rule 26(a)(2)(B)." *Scholl v. Pateder*, 2011 WL 2473284, at *3 (D. Colo. June 22, 2011) (internal citations omitted); *Silver v. Shapiro*, 2011 WL 1321798, at *2 (D. Colo. Apr. 5, 2011) (same); *Nosewicz*, 2019 WL 4248895, at *8. Thus, "[i]f a treating physician offers expert testimony concerning matters which are not based on his or her observations during the course of treating the party designating them…[then] an expert report which complies with the requirements of Rule 26(a)(2)(B) is required." *Washington v. Arapahoe Cty. Dep't of Soc. Servs.*, 197 F.R.D. 439, 442 (D. Colo. 2000). Ms. Vanderlaan has not disclosed any expert report, including any rebuttal report, from Dr. Wong.

Absent a report, a non-retained treating provider's testimony is limited to her "observations, diagnosis and treatment of a patient [as the] physician is testifying about what he saw and did and why he did it, even though the physician's treatment and his testimony about that treatment are based on his specialized knowledge and training." *Nagle v. Mink*, 2011 WL 3861435, at *3 (D. Colo. Aug. 29, 2011). Consequently, when a treating provider opines on matters not based on his or her observations, diagnosis, and treatment of the patient, such as "causation, prognosis, or future disability, the physician is going beyond what he saw and did and why he did

7

it … and [is] giving an opinion formed because there is a lawsuit." *Dedmon v. Cont'l Airlines, Inc.*, 2015 WL 1040521, at *5 (D. Colo. Mar. 6, 2015); *Hermann v. Hartford Cas. Ins. Co.*, 2012 WL 5569769, at *3 (D. Colo. Nov. 15, 2012) (same). The same conclusion applies when a treating provider is asked to "review records of another health care provider in order to formulate his or her own opinion on the appropriateness of care." *Davis*, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012) (citing *Trejo v. Franklin*, 2012 WL 882405, at *2–3 (D. Colo. Mar. 15, 2012)).

> A treating physician who has formulated opinions goes beyond what was necessary to provide appropriate care for the injured party steps into the shoes of a retained expert for the purposes of Rule 26(a)(2)(B)…A treating physician requested to review medical records of another health care provider in order to render opinion testimony concerning the appropriateness of the care and treatment of that provider would be specifically retained notwithstanding that he also happens to be the treating physician. Similarly, when a treating physician's information or opinions were developed for trial, or where [her] expert testimony will concern matters not based on observations during the course of treatment, the treating physician will be required to prepare a written report pursuant to Rule 26(a)(2)(B). *See Nosewicz* at *7-8 (internal quotations and citations removed).

A review of the Ms. Vanderlaan's expert disclosures (**Exhibit A**) clearly shows that, while being vague in her disclosure, Ms. Vanderlaan is attempting to designate Dr. Wong as a witness who will testify on matters outside of her occupational duties of providing the patient medical treatment. Specifically, in the general section above the list of witnesses, Ms. Vanderlaan states: "The expert witnesses will also be asked to address issues of causation, including, without limitation, their opinion, expressed to a reasonable degree of medical probability, as to whether the negligence with respect to which they are commenting caused or contributed to the Ms. Vanderlaan's claimed injuries, losses and damages."

On December 14, 2020, Ameriprise deposed Dr. Wong to inquire about her treatment (as per the medical records) of Ms. Vanderlaan before and after the accident. Dr. Wong's deposition was focused on her treatment of Ms. Vanderlaan according to the medical records in Ameriprise's

8

possession. However, through this deposition, Ms. Vanderlaan attempted to elicit testimony from Dr. Wong about the following: (1) a causation opinion pertaining to the alleged cause of Ms. Vanderlaan's back pain prior to the subject accident of May 27, 2016; (2) causation opinions pertaining to Ms. Vanderlaan's alleged injuries caused by the accident of May 27, 2016 (e.g. Ms. Vanderlaan's alleged coccyx fracture and all treatment after June 28, 2016 as being related to the subject accident); and (3) rebuttal opinions of Dr. Messenbaugh. *See* **Exhibit L**, pp. 95-98, 109-110, 120-121, 123-124.

While Dr. Wong is permitted to testify as to information contained in her records, such as the subjective complaints reported to her by Ms. Vanderlaan and her treatment of Ms. Vanderlaan, she is not permitted to testify regarding causation without the production of a report detailing sufficient facts, methodology, and qualifications pertaining to how she reached this opinion.

Moreover, if Dr. Wong was relying upon other medical doctors for opinions as to Ms. Vanderlaan's condition, such as the diagnosis of Ms. Vanderlaan's alleged coccyx fracture, or opinions as to the origin on Ms. Vanderlaan's back pain prior to the accident, she may not adopt these opinions as her own. If Ms. Vanderlaan is relying upon the opinions of other doctors, she must identify those doctors as non-retained expert witnesses, and not designate Dr. Wong to testify about the same via her deposition.

Further, although counsel for Ameriprise mentioned nothing about Dr. Messenbaugh in her examination of Dr. Wong, Ms. Vanderlaan's counsel inquired as to Dr. Wong's opinions about Dr. Messenbaugh's conclusions in his medical record review. *See* **Exhibit L**, p. 105-108. Specifically, Ms. Vanderlaan's counsel inquired as to whether Dr. Wong agreed or disagreed with Dr. Messenbaugh's conclusions pertaining to the evaluation and treatment of Ms. Vanderlaan's

lower back and alleged coccyx fracture. Ms. Vanderlaan's counsel also requested Dr. Wong to explain the reasoning for these opinions. Ameriprise was completely surprised by this testimony because Ms. Vanderlaan had never provided any report from Dr. Wong, let alone a rebuttal report attacking Dr. Messenbaugh's opinions. Thus, having failed to provide any report from Dr. Wong, Ms. Vanderlaan attempted to create a de facto expert witness in Dr. Wong by having her give previously undisclosed rebuttal opinions in her deposition, while ignoring the report obligations under Rule 26(a)(2)(B). Ms. Vanderlaan cannot transform a treating provider into a rebuttal witness without abiding by these requirements under Rule 26. Additionally, Dr. Wong's testimony stating that she disagreed with Dr. Messenbaugh's opinions and questioning Dr. Messenbaugh's character and competency as an expert witness was grossly outside the scope of admissible testimony, as well as being untimely.

Therefore, Ms. Vanderlaan was required to produce an expert report under Fed. R. Civ. P. 26(a)(2)(B), which would reveal how and why Dr. Wong reached her conclusions pertaining to the treatment and medical care of Ms. Vanderlaan, her assessment of Ameriprise's expert, and her determination of causation. Ms. Vanderlaan has failed to do to this, and thereby failed to abide by Fed. R. Civ. P. 26.

**B.    Even if reports were not required, the disclosures pertaining to Dr. Wong were deficient because they do not comply with Rule 26(a)(2)(C).**

Even if Dr. Wong is not deemed to be "retained or specially employed to provide expert testimony in the case", Ms. Vanderlaan was still required to provide disclosures containing a description of: (1) "the subject matter on which the witness is expected to present" expert testimony and (2) "a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Civ. P. 26(a)(2)(C). Accordingly, as it pertains to this requirement, "[t]he Advisory

Committee's note to the 2010 amendments states that the amended version of Rule 26(a)(2)(C) 'mandates summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) *and of the facts supporting those opinions*.'" *Seeley v. Home Depot U.S.A., Inc.*, 2018 WL 4275375, at *5 (D. Colo. Sept. 7, 2018) (quoting Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments (emphasis added in the original). As per *Nosewicz v. Janosko*, 2019 WL 4248895, at *5 (D. Colo. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019):

> "At a minimum, the disclosure should obviate the danger of unfair surprise regarding the factual and opinion testimony of the non[-]retained expert." *Hayes v. Am. Credit Acceptance, LLC*, No. 13-2413-RDR, 2014 WL 3927277, at *3 (D. Kan. Aug. 12, 2014). For instance, "[i]t is not enough [for a Rule 26(a)(2)(C) disclosure] to state that the witness will testify consistent with information contained in the medical records." *Id*. at *3. Instead, the disclosure must "summarize actual and specific opinions" and, if a physician is to opine on causation, explain "how" and "why" the physician reached a particular opinion. *Id*.
>
> Although referring to a physician's medical records is appropriate, a proper non-retained expert disclosure should also identify specifics from those records in order to meet the requirements of Rule 26(a)(2)(C); …and citation to records with no clear indication of what sections will be used or how the facts or opinions will be framed and presented in testimony does not constitute a 'summary of the facts and opinions to which the witness is expected to testify' within the meaning and requirements of Rule 26(a)(2)(C)(ii). *See Id.* at *6.

*See also* Minute Order of Magistrate Tafoya, *Geist v. Kniss*, Civil Action No. 18-cv-03006, Dkt. 47, January 28, 2020, attached as **Exhibit P**.

Although less onerous than Fed. R. Civ. P. 26(a)(1)(B) disclosure obligations, non-retained expert "disclosure obligations cannot be ignored or dismissed as mere formality." *Anderson v. Seven Falls Co.*, 2013 WL 3771300, at *6 (D. Colo. Jul. 18, 2013). Courts have reiterated that the very purpose of expert disclosures is "to eliminate surprise and provide the opposing party with enough information regarding the expert's opinions and methodology to prepare efficiently for

deposition, any pretrial motions and trial" which would be vitiated should an expert be permitted to evade Fed. R. Civ. P. 26(a)(2) requirements. *Cook v. Rockwell Int'l Corp.*, 580 F. Supp. 2d 1071, 1122 (D. Colo. 2006); *Carbaugh v. Home Depot U.S.A., Inc.*, 2014 WL 3543714, at *2 (D. Colo. July 16, 2014) (same). In her disclosure of Dr. Wong, Ms. Vanderlaan includes boilerplate language in explanation:

> Dr. Wong is a family medicine specialist who has provided care and treatment to Johanna Vanderlaan. It is expected that she will testify consistent with the medical records and opinions provided in the medical records from Kaiser Permanente which have already been disclosed in this matter and to any record summarizing medical care provided into the future, as Ms. Vanderlaan's care and treatment is ongoing. It is also anticipated Dr. Wong will also testify consistent with her deposition testimony, if taken.

**Exhibit A**, p. 12. Ms. Vanderlaan does not identify treatment dates or specific medical records, or refer to any specific documents, that may direct Ameriprise to the nature of the non-retained expert testimony. Ms. Vanderlaan certainly does not mention expected testimony pertaining to an assessment of Dr. Messenbaugh's report or a causation analysis. Also, Ms. Vanderlaan indicates that Dr. Wong may testify as to "any record summarizing medical care provided in the future, as Ms. Vanderlaan's care and treatment is ongoing," while Dr. Wong has not treated Ms. Vanderlaan since 2019. As such, Ms. Vanderlaan's vague disclosures violate the spirit and the letter of Fed. R. Civ. P. 26(a)(2)(C).

**C.    Pursuant to Rule 37(c), any opinions by Dr. Wong about causation, permanency, physical impairment or other related issues, including rebuttal opinions, must be excluded because Ms. Vanderlaan's failure to provide adequate disclosures was neither substantially justified nor harmless.**

Fed. R. Civ. P. 37(c) states: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."

"The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Mid-America Tablewares, Inc. v. Mogi Trading Co.*, 100 F. 3d 1353, 1363 (7th Cir. 1996); *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F. 3d 985, 993 (10th Cir. 1999). Under *Woodworker's*, the Court evaluates the following factors to determine if a Fed. R. Civ. P. 26(a) violation is harmless: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* Here, the application of these factors clearly supports the exclusion of Dr. Wong's causation and rebuttal testimony.

The prejudice caused by Ms. Vanderlaan's failure to comply with the disclosure requirements of Rule 26 is obvious. Although Dr. Wong has been endorsed to testify generically about causation, Ameriprise does not know the basis and reasons for her opinions, which will make cross-examination at trial problematic. Simply referring to the medical records is insufficient because Ameriprise should not be required to ferret through the records to try to ascertain the basis for Dr. Wong's opinions. For these same reasons, the prejudice cannot be cured. If the basis and reasons for Dr. Wong's opinions had been properly disclosed, Ameriprise's experts, including Dr. Eskay-Auerbach, could have addressed them in their reports. This opportunity is gone because the disclosure deadlines have passed and discovery has closed. There is also an element of bad faith in Ms. Vanderlaan's failure to properly disclose Dr. Wong's opinions, particularly her rebuttal opinions. Ms. Vanderlaan has known of Dr. Messenbaugh's opinions since November 20, 2019. Moreover, the rules regarding the necessity of reports for treating physicians who testify about causation issues have been clearly established by many court decisions in this jurisdiction. Yet,

Ms. Vanderlaan both failed to provide a report, or even an adequate summary of the basis and reasons for Dr. Wong's opinions, and failed to disclose Dr. Wong's rebuttal opinions until her deposition on December 14, 2020, more than a year after Dr. Messenbaugh's report was provided.

## V.  CONCLUSION

Ms. Vanderlaan's expert disclosures of Dr. Wong is woefully deficient under Fed. R. Civ. P. 26(a)(2). Opinions about whether particular injuries and conditions are causally related to the collision are outside the scope of Dr. Wong's "occupational duties" but are opinions offered for purposes of litigation, transforming Dr. Wong a *de facto* retained expert.  This is particularly true regarding Dr. Wong's rebuttal opinion. Ms. Vanderlaan's disclosure of Dr. Wong is inadequate because the causation opinions, including the rebuttal opinion, are not expressed in a detailed report meeting the criteria for disclosure under F.R.C.P. 26(a)(2)(B). There is no justification for the inadequate disclosures, which has caused significant harm to Ameriprise's ability to defend against the proffered opinions. Since the causation and rebuttal opinions go to the heart of the case, striking them is an appropriate remedy.

WHEREFORE, pursuant to F.R.C.P. 26(a)(2)(C) and F.R.C.P. 37(c)(1), Ameriprise requests this Court to enter an order precluding **Dr. Wong** from providing any opinion testimony: that any of the alleged injuries, symptoms, or conditions for which she examined and provided treatment to Ms. Vanderlaan were caused by the collision; that such examinations or treatment were reasonable and necessary because of the collision; that the cost of such examinations and treatment was reasonable in relation to the collision; in rebuttal to the opinions expressed in Dr. Messenbaugh's report; and regarding the cause of Ms. Vanderlaan's back pain prior to the

accident; and granting Ameriprise such other and further relief that is just and proper under the circumstances.

Respectfully submitted Wednesday, January 20, 2021.

           **GIOMETTI & MERENESS, P.C.**
           *Original signature on file*
           *s/ Gregory R. Giometti*
           Gregory R. Giometti, #16868
           Kira Adams, #52606
           501 S. Cherry Street, Suite 1000
           Denver, CO 80246
           Ph: (303) 333-1957
           E-mail: ggiometti@giomettilaw.com
                        kadams@giomettilaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of January, 2021, a copy of this **DEFENDANT'S RENEWED MOTION TO EXCLUDE OR LIMIT THE TESTIMONY OF PLAINTIFF'S NON-RETAINED EXPERT, DR. SAMEERAH WONG** was filed using the court's CM/ECF system which will send notification of such filing to:

    Bruce L. Braley, #48612
    Brian N. Aleinikoff, #49238
    Tim J. Luetkemeyer, #52128
    LEVENTHAL PUGA BRALEY P.C.
    950 South Cherry Street, Suite 600
    Denver, CO 80249
    bbraley@leventhal-law.com
    brian@leventhal-law.com
    tluetkemeyer@leventhal-law.com
    *Attorneys for Plaintiff*

           *Original signature on file*
           */s/ Elizabeth St John*
           Elizabeth St John, Paralegal