IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00191-PAB-STV

JOHANNA VANDERLAAN,

    Plaintiff,

v.

AMERIPRISE AUTO AND HOME INSURANCE d/b/a IDS PROPERTY CASUALTY INSURANCE COMPANY,

    Defendant.

---

**ORDER**

---

This matter is before the Court on Defendant's Motion for Summary Judgment on Plaintiff's Third Claim for Relief [Docket No. 54]. Plaintiff responded, Docket No. 64, and defendant has replied. Docket No. 65. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**[1]

This dispute concerns a traffic accident that occurred on May 27, 2016. Docket No. 54 at 5, ¶ 12. Plaintiff was stopped at a red light when another car struck the rear of her vehicle. *Id.* at 3, ¶¶ 2–3. At the time of impact, plaintiff, who was wearing a seatbelt, was facing straight ahead with both hands on the steering wheel. *Id.* at 4, ¶¶ 4–5. The impact caused plaintiff to move forward, yet she did not suffer any cuts, abrasions, or bruises. *Id.*, ¶ 4. Plaintiff spoke to the police at the scene of the accident, yet declined to be examined by ambulance personnel. *Id.*, ¶¶ 7–9.

---

[1] All facts are undisputed unless otherwise noted.

After the accident, the mother of the other driver drove plaintiff to an urgent care facility in plaintiff's vehicle. *Id.*, ¶ 10. Plaintiff left the urgent care facility and went to a Kaiser Permanente ("Kaiser") facility. *Id.* at 5, ¶ 11. Plaintiff did not report any tailbone or lower-back injuries when she arrived at Kaiser; she was diagnosed with headache and neck pain. *Id.*, ¶ 12.[2] At her deposition, plaintiff agreed that her medical record from Kaiser on June 7 or June 14, 2016 does not mention her experiencing back or tailbone pain. *Id.*, ¶¶ 13–14. Before the accident, plaintiff was taking a prescription medication, Meloxicam, for pain. *Id.*, ¶ 15.[3] Plaintiff has not had surgery and does not have surgery scheduled. *Id.*, ¶ 17.

On October 25, 2017, plaintiff's counsel asked defendant to open an under-insured motorist ("UIM") claim and stated that plaintiff was attempting to settle with the at-fault driver's insurance carrier. *Id.*, ¶ 18. An Ameriprise Auto and Home Insurance adjuster, Jessica Brimberry, was assigned to plaintiff's UIM claim the next day. *Id.* at 5–6, ¶ 18.

---

[2] Plaintiff purports to deny this fact, yet only states that the diagnosis also included a statement "Cause of Injury, MVA, Car driver injured in Collision w Car, Traffic Accident, Init. – Primary." Docket No. 64 at 3, ¶ 12. Plaintiff does not deny that she was diagnosed with headache and neck pain.

[3] The parties dispute the extent of plaintiff's back pain before the accident. Citing plaintiff's deposition, defendant states that plaintiff "had a history of lower back pain." *Id.*, ¶ 16. Plaintiff acknowledges that, as a woman in her 80s, she "has experienced pain in her lower back region at various times during her life, but [plaintiff argues that] this certainly does not qualify as a 'history of lower back pain; for purposes of this case.'" Docket No. 64 at 3, ¶ 16. At plaintiff's deposition, she was asked whether, with regard to an MRI on May 29, 2013, the statement "History. Reason for procedure: radicular pain with lower back pain." was accurate. Docket No. 54-1 at 23, 84:13–23. Plaintiff responded that it "[m]ust have been" accurate. *Id.* at 84:23. Plaintiff thus does not dispute that she suffered from back pain before the accident.

On March 6, 2018, plaintiff's counsel notified defendant that there was a pending offer from the other driver's insurance carrier, and, on March 12, 2018, defendant gave plaintiff permission to settle with the other driver's carrier for the policy limits. *Id.* at 6, ¶ 19. On May 29, 2019, plaintiff's counsel sent defendant a UIM settlement demand to Ms. Brimberry that included fewer than 100 pages of documents. *Id.*, ¶ 20. Defendant received the demand on June 4, 2019. *Id.* On June 20, 2019, defendant determined that it needed to request additional records, which plaintiff provided – over 2,000 pages – on July 9, 2019 and which defendant received on July 17, 2019. *Id.*, ¶ 22. Defendant then notified plaintiff, on September 12, 2019, that it was requesting a records review from a medical expert to evaluate plaintiff's claim. *Id.*, ¶ 23. Defendant retained Dr. Robert Messenbaugh to complete the review and "medically evaluate [plaintiff's] claim." *Id.* at 7, ¶ 24.[4] Defendant received Dr. Messenbaugh's report on October 24, 2019. *Id.*, ¶ 27. The report concluded that plaintiff had "no reported lower back pain, sacral pain, or coccygeal pain until several weeks after the [a]ccident"; that she "sustained no fracture in her sacrococcygeal junction" and that imaging reported no "findings of spinal, sacral, or sacrococcygeal fracture"; that if she had sustained a "fracture in the spinal region, including in the sacrum and coccyx, she would have experienced immediate, severe, and debilitating pain that a person would report promptly"; and that her treatment was not due to the accident but rather was due to her "spinal pathology" that

---

[4] The parties dispute the extent of this review. Plaintiff states that Dr. Messenbaugh "did not 'medically evaluate' Ms. VanderLaan" – though defendant does not state that he did – and did not speak with or examine plaintiff – though, again, defendant does not assert that he did. *Compare id. with* Docket No. 64 at 4, ¶ 24. Plaintiff does not deny, therefore, that Dr. Messenbaugh reviewed her records and wrote a report.

pre-dated the accident.  *Id.* at 7–8, ¶ 27.

On November 20, 2019, defendant's counsel informed plaintiff's counsel that, based on plaintiff's medical records, the facts of the accident, and Dr. Messenbaugh's report, defendant's position was that plaintiff was "adequately compensated" by her settlement with the other driver's carrier for the $100,000 policy limit and, therefore, no UIM benefits from defendant were triggered.  *Id.* at 8, ¶ 29.  Plaintiff's counsel requested an explanation as to whether defendant was extending a settlement offer, to which defendant replied on November 22, 2019 by stating that it would like to enter into mediation to resolve plaintiff's claim.  *Id.*, ¶ 31.  Plaintiff's counsel responded by rejecting defendant's $5,000 offer and demanding that defendant provide an opening offer of $50,000 before beginning mediation.  *Id.* 8–9, ¶¶ 32–33.

One of plaintiff's experts, Jeremy Sitcoff, testified that, if Dr. Messenbaugh's report was not consistent with plaintiff's records, the report would not be reasonable.  *Id.*, ¶ 36.[5]  Prior to the accident, plaintiff did not have a history of back pain caused by

---

[5] Defendant argues that Mr. Sitcoff, whose testimony plaintiff cites, is an attorney and is not competent to testify on whether Dr. Messenbaugh's report was consistent with plaintiff's medical records.  Docket No. 65 at 4, ¶ 36.  The testimony of Mr. Sitcoff that plaintiff cites, however, largely assumes the inconsistency and then discusses the reasonableness of relying on Dr. Messenbaugh's report to the exclusion of the opinion of "a treater" and whether that comports with industry standards.  *See, e.g.*, Docket No. 64-6 at 3–5, 83:5–85:8.  Mr. Sitcoff specializes in insurance bad faith and was endorsed to testify in conformity with "all issues raised in [his] report and any supplemental reports."  Docket No. 47-1 at 9–10.  The Court has not been provided Mr. Sitcoff's report, and defendant has not moved to exclude him from testifying, so the Court is unable to determine whether Mr. Sitcoff's testimony about defendant's reasonableness is outside of the scope of his endorsement.  Additionally, as above, issues of relevance and materiality are legal arguments that are not appropriate in this section.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer § III.F.3.b.vii.

spinal stenosis, and her spinal stenosis was asymptomatic. *Id.* 5, ¶¶ 38–39.[6] Plaintiff's medical records reflect that she suffered a "coccyx (tailbone) fracture as a result of the collision," as indicated in an X-ray that plaintiff obtained on June 28, 2016, and as diagnosed by Dr. Wong. *Id.*, ¶¶ 40–41.[7] On May 31, 2016, plaintiff reported back pain to defendant, yet she never reported any back pain or radiculopathy to her doctors in 2014, 2015, or 2016, and her records do not reflect complaints of such pain until after the accident. *Id.* at 5–6, ¶¶ 43–49.[8]

---

[6] Along with arguments already addressed about other facts, defendant insists that the medical records from SpineONE and the report authored by Dr. David Reinhard were not authenticated and are thus inadmissible. Docket No. 65 at 4–5, ¶¶ 38–39. The issue of authentication of exhibits in summary judgment briefing is not the same as admissibility at trial. *See Hendrickson v. Doyle*, 150 F. Supp. 3d 1233, 1235 (D. Colo. 2015) ("This should not be construed as a ruling that these exhibits are not admissible at trial. The Court makes no ruling in that respect one way or the other."); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). For example, "parties may submit affidavits even though affidavits are often inadmissible hearsay at trial on the theory that the same facts may ultimately be presented at trial in an admissible form." *Trevizo v. Adams*, 455 F.3d 1155, 1160 (10th Cir. 2006). Moreover, both parties list these pages of the SpineONE records in their exhibit lists, minimizing concerns about authenticity. *See* Docket No. 59-1 at 3, Docket No. 59-2 at 3.

[7] Defendant purports to dispute these facts but states only that plaintiff had no complaints of coccyx pain for several weeks after the accident and that Dr. Messenbaugh's review found no evidence of a fracture. Docket No. 65 at 5–6, ¶¶ 40–41. This is not a dispute that other medical records indicate that she suffered a fracture.

[8] Defendant purports to dispute the fact that plaintiff reported back pain to defendant on May 31, 2016, yet defendant only argues that plaintiff's statement is inconsistent with what is contained in the medical records that Dr. Messenbaugh reviewed and that there is no record of hip or lower back pain in the records from Kaiser. Docket No. 65 at 6, ¶ 49. This is not a dispute about what plaintiff reported to *defendant*, however.

5

## II. LEGAL STANDARD

Summary judgment is warranted under Federal Rule of Civil Procedure 56 when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A disputed fact is "material" if, under the relevant substantive law, it is essential to proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). Only disputes over material facts can create a genuine issue for trial and preclude summary judgment. *Faustin v. City & Cnty. of Denver*, 423 F.3d 1192, 1198 (10th Cir. 2005). An issue is "genuine" if the evidence is such that it might lead a reasonable jury to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

Where "the moving party does not bear the ultimate burden of persuasion at trial, it may satisfy its burden at the summary judgment stage by identifying a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quotations omitted). "Once the moving party meets this burden, the burden shifts to the nonmoving party to demonstrate a genuine issue for trial on a material matter." *Concrete Works of Colo., Inc. v. City & Cnty. of Denver*, 36 F.3d 1513, 1518 (10th Cir. 1994). The nonmoving party may not rest solely on the allegations in the pleadings, but instead must designate "specific facts showing that there is a genuine issue for trial." *Celotex Corp.*, 477 U.S. at 324 (quotations omitted). "To avoid summary judgment, the nonmovant must establish, at a minimum, an inference of the presence of each element essential to the case." *Bausman*, 252 F.3d at 1115. When reviewing a motion for

6

summary judgment, a court must view the evidence in the light most favorable to the non-moving party. *Id.*

## III. ANALYSIS[9]

This motion concerns plaintiff's statutory bad faith claim. Docket No. 54 at 10. In her complaint, plaintiff alleges that defendant violated Colo. Rev. Stat. § 10-3-1115 by "improperly delay[ing] and den[ying] payment of [her] claim for UIM benefits without a reasonable basis," and, under Colo. Rev. Stat. § 10-3-1116, she seeks to recover reasonable attorney fees, court costs, and two times the covered benefit. *See* Docket No. 4 at 4, ¶¶ 38, 40.

> Section 10-3-1115 provides in relevant part:
>
> A person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant . . . .
>
> [F]or the purposes of an action brought pursuant to this section and section 10-3-1116, an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action.

Colo. Rev. Stat. §§ 10-3-1115(1)(a), (b)(II)(B)(2). Pursuant to § 10-3-1115, an insurer who delays or denies payment to its insured without a reasonable basis breaches its statutory duty of good faith and fair dealing. *See Canady v. Nationwide Affinity Ins. Co. of Am.*, No. 19-cv-00344-RBJ, 2020 WL 376494, at *3 (D. Colo. Jan. 23, 2020).

To prove a claim of unreasonable delay or denial, an insured must demonstrate

---

[9] Because jurisdiction is based on diversity, the Court applies Colorado law in resolving the motion. *See Essex Ins. Co. v. Vincent*, 52 F.3d 894, 896 (10th Cir. 1995) ("In a case in which jurisdiction is founded on diversity, we apply the law of the forum state.").

that: (1) the insurer delayed or denied payment of benefits to the insured, and (2) the delay or denial was without a reasonable basis. *See Am. Family Mut. Ins. Co. v. Barriga*, 418 P.3d 1181, 1185–86 (Colo. 2018); *Vaccaro v. Am. Family Ins. Grp.*, 275 P.3d 750, 756 (Colo. App. 2012); *see* Colo. Rev. Stat. § 10-3-1115(1)(a) ("[A] person engaged in the business of insurance shall not unreasonably delay or deny payment of a claim for benefits owed to or on behalf of any first-party claimant."). If the statutory requirement is met, a plaintiff is entitled to receive two times the covered benefit (in addition to the benefit itself), plus reasonable attorney fees and costs. *See* Colo. Rev. Stat. § 10-3-1116(1); *see also Vaccaro*, 275 P.3d at 756 (noting that, because of the lesser liability burden and the onerous penalty provision, a statutory bad faith claim is "arguably . . . more financially threatening to the insurer than a traditional common law bad faith claim").

Therefore, to prove statutory bad faith, plaintiff must prove that defendant delayed or denied payment of a covered benefit without a reasonable basis. *See* Colo. Rev. Stat. § 10-3-1115(1)(a). "What constitutes reasonableness under the circumstances is ordinarily a question of fact for the jury." *Vaccaro*, 275 P.3d at 759; *Zolman v. Pinnacol Assurance*, 261 P.3d 490, 497 (Colo. App. 2011). But, "in appropriate circumstances, as when there are no genuine issues of material fact, reasonableness may be decided as a matter of law." *Id.* The burden to establish unreasonableness lies with plaintiff. *See Williams v. Owners Ins. Co.*, 621 F. App'x 914, 919 (10th Cir. 2015) (unpublished).

The determination of whether an insurer has breached its duties to the insured is one of reasonableness under the circumstances. *Estate of Morris v. COPIC Ins. Co.*,

8

192 P.3d 519, 523 (Colo. App. 2008). In other words, the question is whether a reasonable insurer under similar circumstances would have denied or delayed payment of the claim. *Id.* "The reasonableness of the insurer's conduct is determined objectively and is 'based on proof of industry standards.'" *Schultz v. GEICO Cas. Co.*, 429 P.3d 844, 847 (Colo. 2018) (quoting *Goodson v. Am. Standard Ins. Co. of Wisc.*, 89 P.3d 409, 415 (Colo. 2004) (common law bad faith)); *Fisher v. State Farm Mut. Auto. Ins. Co.*, 419 P.3d 985, 994 (Colo. App. 2015). Industry standards may be established through expert opinion or state law. *Goodson*, 89 P.3d at 415; *Am. Family Mut. Ins. Co. v. Allen*, 102 P.3d 333, 343 (Colo. 2004). Further, "[a]n insurer's decision to deny benefits to its insured must be evaluated based on the information before the insurer at the time of that decision." *Schultz*, 429 P.3d at 848 (quoting *Peiffer v. State Farm Mut. Auto. Ins. Co.*, 940 P.2d 967, 970 (Colo. App. 1996)); *see also State Farm Mut. Auto. Ins. Co. v. Reyher*, 266 P.3d 383, 390 (Colo. 2011); *Bankr. Estate of Morris v. COPIC Ins. Co.*, 192 P.3d 519, 523 (Colo. App. 2008) ("[T]he question is whether a reasonable insurer under the circumstances would have denied or delayed payment of the claim.").

An insurer unreasonably delays a claim when it has no "reasonable basis" for denying or delaying an insured's claim. The Tenth Circuit has held there is "nothing unreasonable about [an insurance company's] denial of [a plaintiff's] claim because it had a reasonable basis for its action." *Wagner v. Am. Fam. Ins. Co.*, 569 F. App'x 574, 580 (10th Cir. 2014); *see also Etherton v. Owners Ins. Co.*, 829 F.3d 1209, 1226 (10th Cir. 2016) (quoting *Vaccaro*, 275 P.3d at 759–60) ("[I]f a reasonable person would find that the insurer's justification for denying or delaying payment of a claim was 'fairly debatable,' this weighs against a finding that the insurer acted unreasonably.")).

9

Defendant contends that it is entitled to summary judgment on plaintiff's statutory bad faith claim because its coverage position that plaintiff was not entitled to UIM benefits had "a reasonable basis." Docket No. 54 at 10. Defendant argues that the injuries that plaintiff claimed as a result of the accident included neck pain, concussion, lower back injury, and a fractured coccyx; however, Dr. Messenbaugh concluded that there was "no immediate evidence in [plaintiff's] medical records of either low back complaints or a coccyx fracture." *Id.* at 14. Dr. Messenbaugh stated that such complaints did not arise until four weeks after the accident. *Id.* Thus, Dr. Messenbaugh concluded that plaintiff did not actually sustain a coccyx fracture as a result of the accident and that her lower-back complaints were due to pre-existing conditions. *Id.* Defendant argues that its coverage position was therefore not "without a reasonable basis" because it was based on Dr. Messenbaugh's conclusion. *Id.*[10]

Plaintiff responds that there are genuine disputes of material fact as to whether defendant acted reasonably since Dr. Messenbaugh's report was not consistent with plaintiff's medical records. *See generally* Docket No. 64. Plaintiff also argues that Dr. Messenbaugh's report satisfies at most defendant's initial burden. *Id.* at 9–10. That is, while defendant, as the moving party, may satisfy its initial burden at summary judgment by showing a lack of evidence on an essential element of the nonmovant's claim, *id.* at

---

[10] Defendant also makes a statutory interpretation argument that "[t]he use of the indefinite article 'a' before the term 'reasonable basis' refers to a single reasonable basis or any reasonable basis." *Id.* at 13. Defendant's point here is that reliance on Dr. Messenbaugh's report constituted "a" reasonable basis for denying plaintiff's claim. The Court need not determine whether one expert's report alone is sufficient to establish a reasonable basis for denying a claim because the parties dispute whether Dr. Messenbaugh's report was itself reasonable.

9 (citing *Libertarian Party of N.M. v. Herrera*, 506 F.3d 1303, 1309 (10th Cir. 2007)); *see also Bausman*, 252 F.3d at 1115, the burden then shifts to plaintiff as the party opposing summary judgment to demonstrate a genuine dispute of material fact. *Id.*; *see also Concrete Works*, 36 F.3d at 1518. Plaintiff argues that she has provided sufficient contrary evidence that establishes a genuine dispute of material fact and, thus, that summary judgment is improper. *Id.* at 9–13. The Court agrees that there are sufficient disputes as to whether Dr. Messenbaugh's report constituted a reasonable basis to deny plaintiff's UIM claim given the contrary evidence that plaintiff provides.

As a result, defendant's reliance on *Anderson v. Am. Nat'l Prop. & Cas. Co.*, No. 17-cv-03016-KMT, 2020 WL 406077 (D. Colo. Jan. 23, 2020), is misplaced. *Anderson* involves a somewhat analogous factual background, but is distinguishable. For one, in *Anderson*, the court found that the plaintiff "failed to point to sufficient evidence to raise a genuine issue of material fact" on the defendant's reasonableness. 2020 WL 406077, at *7 ("Instead of challenging [d]efendant's factual presentation, [p]laintiff argues, primarily, that the insurer 'selectively pars[ed]' the evidence 'to focus only on those aspects of its adjustment of the claim that it believes were reasonable.'"). Here, however, not only are there disputed issues of fact about the extent of plaintiff's injuries due to the accident, which defendant appears to concede, *see* Docket No. 65 at 6, ¶ 41 ("It is disputed whether [p]laintiff actually had a coccyx fracture and whether, if it occurred, it was caused by the accident."), plaintiff's experts have reached different conclusions than Dr. Messenbaugh.[11] "[C]ompeting expert opinions present the classic

---

[11] Dr. Wong, as a non-retained expert, is limited to offering opinions that she developed as part of her treatment of plaintiff. *See, e.g.*, *Goodman v. Staples the Off.*

11

battle of the experts and it is up to a jury to evaluate what weight and credibility each expert opinion deserves." *OraLabs, Inc. v. Kind Grp. LLC*, No. 13-cv-00170-PAB-KLM, 2015 WL 4538444, at *5 (D. Colo. July 28, 2015) (quoting *Phillips v. Cohen*, 400 F.3d 388, 399 (6th Cir. 2005) (alteration marks in original)).

Courts have addressed the issue of whether an insurance company is entitled to summary judgment on a Colorado statutory bad faith claim if its denial of coverage was based on the claim being "fairly debatable." *See, e.g.*, *TBL Collectibles, Inc. v. Owners Ins. Co.*, 285 F. Supp. 3d 1170, 1202 (D. Colo. 2018). However, a "'fairly debatable' showing, standing alone, is insufficient to support summary judgment for the insurer." *Glacier Const. Co. v. Travelers Prop. Cas. Co. of Am.*, 569 F. App'x 582, 590 (10th Cir. 2014) (unpublished); *see also Home Loan Inv. Co. v. St. Paul Mercury Ins. Co.*, 827 F.3d 1256, 1260–62 (10th Cir. 2016) (rejecting argument that, "under Colorado law, an insurer cannot act unreasonably in denying a fairly debatable claim"). This is because a

---

*Superstore, LLC*, 644 F.3d 817, 819, 824–25 (9th Cir. 2011) ("Generally, a treating physician is not retained or specially employed to provide expert testimony . . . and therefore he is not subject to the written report requirement." (citation omitted)). However, when "a treating physician . . . is offered to provide expert testimony as to the cause of the plaintiff's injury, but . . . did not make that determination in the course of providing treatment," the physician "should be deemed" to be an expert covered by Rule 26(a)(2)'s report requirement). Moreover, because Dr. Wong was not endorsed as a rebuttal expert and submitted no rebuttal report, Dr. Wong may not rebut Dr. Messenbaugh's opinions or advance a theory for why, in her opinion, Dr. Messenbaugh is incorrect. *See Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *2–3 (D. Colo. Apr. 21, 2016). Mr. Sitcoff, plaintiff's expert on industry standards and insurance bad faith, stated that it was unreasonable for defendant not to conduct additional investigation and to ignore contrary records. *See, e.g.*, Docket No. 64-6 at 3–5, 83:5–85:8. The Court need not determine whether Dr. Wong and Mr. Sitcoff are correct at this stage of the litigation because the relevant inquiry on summary judgment is whether there is a genuine dispute of material fact.

"fairly debatable" claim is one where "reasonable minds could disagree as to the coverage-determining facts or law." *Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010). This reasoning is persuasive here. Even plaintiff's claim were fairly debatable, summary judgment does not automatically follow unless there are no "genuine issues of material fact [and] reasonableness may be decided as a matter of law." *Glacier*, 569 F. App'x at 589–90 (quoting *Schuessler v. Wolter*, 310 P.3d 151, 162 (Colo. App. 2012)).

Defendant's argument is that, because it relied on Dr. Messenbaugh's report to deny plaintiff's UIM claim, it had a reasonable basis for its coverage position. But this is not enough for summary judgment given the contrary evidence that plaintiff has put forward. The Court finds that, viewing the facts in the light most favorable to plaintiff, a genuine issue of material fact exists concerning whether Dr. Messenbaugh's review was a reasonable investigation by defendant and, therefore, whether it served as a reasonable basis for defendant's coverage position. A reasonable jury could conclude that Dr. Messenbaugh failed to sufficiently consider contrary information. When there are controverted issues of fact as to whether an insurer had a reasonable basis for denying coverage, summary judgment is not appropriate. *See Lips v. Am. Cmty. Mut. Ins. Co.*, 162 F.3d 1173 (10th Cir. 1998) (table).

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Motion for Summary Judgment on Plaintiff's Third Claim for Relief [Docket No. 54] is **DENIED**.

DATED September 27, 2021.

                                            BY THE COURT:

                                            _____
                                            PHILIP A. BRIMMER
                                            Chief United States District Judge

14