IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-00191-PAB-STV

JOHANNA VANDERLAAN,

     Plaintiff,

v.

AMERIPRISE AUTO AND HOME INSURANCE d/b/a IDS PROPERTY CASUALTY
INSURANCE COMPANY,

     Defendant.

---

## ORDER

---

     This matter is before the Court on the following motions: (1) Defendant's
Renewed Motion to Exclude or Limit the Testimony of Plaintiff's Non-Retained Expert,
Dr. Sameerah Wong [Docket No. 47], (2) Defendant's Renewed Motion to Exclude or
Limit the Testimony of Plaintiff's Non-Retained Experts [Docket No. 48], and (3)
Defendant's Renewed Motion to Exclude or Limit the Testimony of Plaintiff's Non-
Retained Experts Pursuant to Fed. R. Evid. 702 [Docket No. 49].  Plaintiff responded to
each of these motions, Docket Nos. 55, 56, 57, respectively, and defendant replied.
Docket Nos. 61, 62, 63, respectively.

## I.  BACKGROUND

     The Court assumes the parties' familiarity with the background facts of this case
and will not repeat them except as necessary to resolve this motion.  Additional
background may be found in the order denying defendant's motion for summary
judgment.  *See* Docket No. 66 at 1–5.

Plaintiff's complaint states claims for under-insured motorist ("UIM") benefits as well as common-law and statutory bad faith.  Docket No. 4 at 3–4, ¶¶ 25–41. Defendant moved for summary judgment, Docket No. 54, which the Court denied. Docket No. 66 at 14.

Defendant filed motions to exclude testimony of plaintiff's non-retained experts under Federal Rule of Civil Procedure 26(a)(2)(C), including plaintiff's treating physician, Dr. Sameerah Wong, Docket No. 47, and other medical providers.  Docket No. 48.  Defendant also moved to exclude testimony of plaintiff's medical providers under Federal Rule of Evidence 702.  Docket No. 49.  The Court considers defendant's arguments under Rule 26 and then turns to defendant's arguments under Rule 702.

## II.  MOTIONS TO EXCLUDE OR LIMIT TESTIMONY OF NON-RETAINED EXPERTS PURSUANT TO FED. R. CIV. P. 26(a)(2)(C)

### A.  Legal Standard

Federal Rule of Civil Procedure 26(a) governs the requirements for disclosure of witnesses.  Rule 26(a)(2)(B) provides that if a "witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony," the party offering the witness must supplement its disclosure with an expert report.  For other witnesses, Rule 26(a)(2)(C) applies and the disclosure need only state "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

When a treating physician testifies as to his or her percipient knowledge and

opinions formed during the physician's participation in the relevant events of the case, i.e., what the physician personally saw and did during the course of the patient's treatment, generally no report under Rule 26(a)(2)(B) is necessary; however, the facts and opinions of the non-retained expert must be disclosed pursuant to Rule 26(a)(2)(C). *See e.g.*, *Advance Tr. & Life Escrow Servs., LTA v. Sec. Life of Denver Ins. Co.*, No. 18-cv-01897-DDD-NYW, 2020 WL 7979020, at *2 (D. Colo. Oct. 26, 2020), *report and recommendation adopted*, 2021 WL 62339 (D. Colo. Jan. 6, 2021); *O'Connell v. Alejo*, No. 18-CV-01359-RBJ, 2020 WL 5748810, at *2 (D. Colo. Sept. 25, 2020); *Carbaugh v. Home Depot U.S.A., Inc.*, No. 13-cv-02848-REB-MEH, 2014 WL 3543714, at *3 (D. Colo. July 16, 2014); *Goodman v. Staples the Off. Superstore, LLC*, 644 F.3d 817, 819, 824 (9th Cir. 2011) ("Generally, a treating physician is not retained or specially employed to provide expert testimony . . . and therefore he is not subject to the written report requirement." (citation omitted)).

"It is the substance of the expert's testimony, not the status of the expert, which will dictate whether a Rule 26(a)(2)(B) report will be required." *Trejo v. Franklin*, No. 04-cv-02523-REB-MJW, 2007 WL 2221433, at *2 (D. Colo. July 30, 2007) (internal quotation marks and brackets omitted). If the physician opines as to any issue beyond the physician's personal observation or treatment of the patient, or reviews the records of another health care provider in order to formulate an opinion outside of treatment, the physician will be required to file a written report under Rule 26(a)(2)(B). *See Goodman*, 644 F.3d at 819, 824–25 (holding that when a treating physician is "transformed into an expert offering testimony on matters beyond the treatment

rendered," Rule 26 requires the physician to submit a report); *Meyers v. Nat'l R.R. Passenger Corp.*, 619 F.3d 729, 734-35 (7th Cir. 2010) (holding that "a treating physician who is offered to provide expert testimony as to the cause of the plaintiff's injury, but who did not make that determination in the course of providing treatment, should be deemed to be one 'retained or specially employed to provide expert testimony in the case,' and thus is required to submit an expert report in accordance with Rule 26(a)(2)). In other words, if the opinion was not formed during the provision of care, but is based on hypothesis, it is expert testimony requiring a report under Rule 26(a)(2)(B). *See, e.g.*, *Goodman*, 644 F.3d at 826; *United States v. Henderson*, 409 F.3d 1293, 1300 (11th Cir. 2005); *Asplundh Mfg. Div. v. Benton Harbor Eng'g*, 57 F.3d 1190, 1202 n.16 (3d Cir. 1995); *Trinidad v. Moore*, 2016 WL 5341777, at *3 (M.D. Ala. Sept. 23, 2016); *Eberhart v. Novartis Pharmaceuticals Corp.*, 867 F. Supp. 2d 1241 (N.D. Ga. 2011).

Even if an expert witness is not required to provide a written report under Rule 26(a)(2)(B), the witness must comply with Rule 26(a)(2)(C), which requires disclosure of "(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify." Fed. R. Evid. 26(a)(2)(C). A party "cannot satisfy its obligations under Rule 26(a)(2)(C) by merely pointing to large swaths of information, like general references to otherwise unidentified deposition testimony." *Tuft v. Indem. Ins. Co. of N. Am.*, No. 19-CV-01827-REB-KLM, 2021 WL 1759638, at *3 (D. Colo. Feb. 18, 2021) (quoting *Green Earth Wellness Center LLC v. Atain Specialty*

*Ins. Co.*, No. 13-cv-03452-MSK-NYW, 2016 WL 632051, at *2 (D. Colo. Feb. 17, 2016)). A disclosure that states merely in a general way that the physician will testify as to their treatment or evaluations of the plaintiff, their observations, information contained within the medical records, and if a deposition is taken, any opinions expressed therein provides "no identification of either facts upon which the non-retained experts are expected to rely, or the opinions that these individuals are expected to offer." *Tuft*, 2021 LW 1759638, at *3 (quoting *Green Earth*, 2016 WL 632051, at *3). Instead, "the disclosure must summarize actual and specific opinions and, if a physician is to opine on causation, explain how and why the physician reached a particular opinion." *Nosewicz v. Janosko*, No. 16-cv-00447-PAB-KLM, 2019 WL 4248895, at *1 (D. Colo. Aug. 19, 2019), *report and recommendation adopted*, 2019 WL 4242739 (D. Colo. Sept. 6, 2019) (citation omitted). The disclosure should "summarize the factual basis" for the opinions as well as "specifics" from the medical records in order to meet the requirements of Rule 26(a)(2)(C). *Id.* at *5–6. "[C]itation to records with no clear indication of what sections will be used or how the facts or opinions will be framed and presented in testimony does not constitute a 'summary of the facts and opinion to which the witness is expected to testify' within the meaning and requirements of Rule 26(a)(2)(C)(ii)." *Id.* at *6 (citation omitted).

To determine whether the requirements of Rule 26(a)(2) have been satisfied, courts apply a burden-shifting framework. *See Davis v. GEO Grp.*, No. 10-cv-02229-WJM-KMT, 2012 WL 882405, at *2 (D. Colo. Mar. 15, 2012); *see also Morris v. Wells Fargo Bank, N.A.*, No. 09-cv-02160-CMA-KMT, 2010 WL 2501078, at *2 (D. Colo. June

17, 2010) ("[S]ome showing must be made to distinguish an expert witness not required to provide a report under Rule 26(a)(2)(B) from the vast majority of cases where experts are required to provide a report."). The party moving to strike the witness must first show that the disclosing party was required to produce a written report under Rule 26(a)(2)(B). *Davis*, 2012 WL 882405, at *2. The burden then shifts to the party who disclosed the witness to show that a report was not required. *Id.*

### B. Analysis

The Court first considers defendant's motion to exclude or limit the testimony of Dr. Sameerah Wong, Docket No. 47, and then defendant's motion to exclude or limit the testimony of plaintiff's other non-retained experts. Docket No. 48.

#### 1. Dr. Sameerah Wong

Defendant seeks to limit or exclude the testimony of Dr. Sameera Wong, plaintiff's treating physician, who is a non-retained expert, from "presenting any opinion testimony . . . regarding issues of medical causation, physical impairment, permanency of injury, or any other issues beyond the scope of her provision of treatment, including any opinions in rebuttal of [defendant's] expert, Dr. Robert Messenbaugh." Docket No. 47 at 1–2. Defendant makes three principal arguments: first, that plaintiff's disclosure of Dr. Wong as an expert was deficient under Federal Rule of Civil Procedure 26(a)(2)(B) because plaintiff did not provide a report for Dr. Wong; second, that Dr. Wong's rebuttal opinions are untimely because they were not disclosed until her deposition, which was after the deadline for disclosure rebuttal witnesses; third, that even if Rule 26(a)(2)(B) did not require a report, plaintiff's disclosures did not comply

6

with Rule 26(a)(2)(C), which require a "summary of the facts and opinions to which the witness is expected to testify," while plaintiff's disclosures only contain "generic statements regarding testimony about causation or opinions contained in the medical records." *Id.* at 2–3.  Defendant then argues that Dr. Wong's testimony must be excluded pursuant to Rule 37(c)(1) because plaintiff's non-compliance with the disclosure rules was neither substantially justified nor harmless. *Id.* at 3.

### a.  Expert Report Requirement Under Rule 26(a)(2)(B)

Defendant first argues that Dr. Wong's opinions about causation and other matters outside of the scope of her treatment of plaintiff indicate that plaintiff's disclosure of Dr. Wong had to comply with Rule 26(a)(2)(B) because plaintiff is attempting to "designate Dr. Wong as a witness who will testify on matters outside of her occupational duties of providing the patient medical treatment."  Docket No. 47 at 6–8.  Plaintiff argues that, in general, treating physicians do not come in the purview of Rule 26(a)(2)(B)'s report requirement and that caselaw makes clear that, while treating physicians must base their testimony on their own treatment of the patient, that testimony may include opinions regarding causation, for instance, when the cause of the injuries that the physician is treating appears in the medical record.  Docket No. 55 at 7–10.  Plaintiff argues that when a physician's opinions are based on the physician's treatment, the physician may testify about the origin or cause of the injury, especially where such information is necessary for proper treatment. *Id.* at 10–11.

As the Court has noted, treating physicians are typically non-retained experts and therefore are not subject to Rule 26(a)(2)(B)'s report requirement. *See Seeley v.*

*Home Depot U.S.A., Inc.*, No. 17-cv-00584-PAB-NYW, 2018 WL 4275375, at *1 (D. Colo. Sept. 7, 2018); *Goodman*, 644 F.3d at 819, 824–25 ("Generally, a treating physician is not retained or specially employed to provide expert testimony . . . and therefore he is not subject to the written report requirement." (citation omitted)). However, when "a treating physician . . . is offered to provide expert testimony as to the cause of the plaintiff's injury, but . . . did not make that determination in the course of providing treatment," the physician "should be deemed" to be an expert covered by Role 26(a)(2)'s report requirement); *Meyers*, 734–35; *see also Seeley*, 2018 WL 4275375, at *1; *Goodman*, 644 F.3d at 819, 824–25 (holding that when a treating physician is "transformed into an expert offering testimony on matters beyond the treatment rendered," Rule 26 requires the physician to submit a report).

Defendant is correct, however, that, when a treating physician's opinions exceed the physician's personal observation and treatment of plaintiff, the physician must provide a  Rule 26(a)(2)(B) report.  *Witherspoon v. Navajo Refining Co.*, *L.P.*, 2005 WL 5988650, at *1 (D.N.M. June 28, 2005) ("Under Tenth Circuit law, treating physicians not disclosed as experts are limited to testimony based on personal knowledge and may not testify beyond their treatment of a patient."); *see also Goodman*, 644 F.3d at 826 ("a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment").

In her initial disclosures, plaintiff states that all expert witnesses

will [] be asked to address issues of causation, including, without limitation, their opinion, expressed to a reasonable degree of medical

probability, as to whether the negligence with respect to which they are commenting caused or contributed to the Plaintiff's claimed injuries, losses and damages.

Docket No. 47-1 at 2.  Plaintiff then identifies Dr. Wong as follows:

Dr. Wong is a family medicine specialist who has provided care and treatment to Johanna VanderLaan. It is expected that she will testify consistent with the medical records and opinions provided in the medical records from Kaiser Permanente which have already been disclosed in this matter and to any record summarizing medical care provided into the future, as Mrs. VanderLann's [sic] care and treatment is ongoing.  It is also anticipated Dr. Wong will also testify consistent with her deposition testimony, if taken.

Docket No. 41-1 at 12.  A treating physician's opinions need only satisfy two requirements to avoid the sweep of Rule 26(a)(2)(B): (1) they "must have been determined at the time of treatment" based on the physician's personal knowledge; and (2) they must be properly disclosed under Rule 26(a)(2)(C).  *Seeley v. Home Depot U.S.A., Inc.*, No. 17-cv-00584-PAB-NYW, 2018 WL 4275375, at *3 (D. Colo. Sept. 7, 2018).

The Court will consider the sufficiency of plaintiff's disclosures in the following section; however, the Court begins by noting that, while a treating physician is a common non-retained expert witness, *see, e.g.*, *RDA Hotel Mgmt. Co. v. Hudson Specialty Ins. Co.*, No. 19-cv-02145-DDD-NYW, 2020 WL 6385343, at *2 (D. Colo. June 29, 2020) (the treating physician is the "paradigmatic non-retained expert witness"), Rule 26 does not differentiate between physicians and other non-retained experts.  *See* Fed. R. Civ. P. 26(a)(2).  Treating physicians are "a species of percipient witness," *Goodman*, 644 F.3d at 819, but are held to the same requirements under Rule 26(a)(2)(C) as other non-retained experts.  *See RDA Hotel Mgmt.*, 2020 WL 6385343,

9

at *2 ("consideration of . . . a treating physician . . . provides guidance for this case") involving engineer's pre-litigation inspection of hail damage); *Guarantee Tr. Life Ins. Co. v. Am. Med. & Life Ins. Co.*, 291 F.R.D. 234, 237 (N.D. Ill. 2013) ("Non-retained experts must only testify about opinions that were formed during the course of their participation in the relevant events of the case, and only to those opinions which were properly disclosed.").  Moreover, "a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that [the physician's] opinions were formed during the course of treatment."  *Goodman*, 644 F.3d at 825; *see also Meyers*, 619 F.3d at 734–35.  The Court will therefore preclude Dr. Wong from testifying on matters that were not considered during her treatment of plaintiff and will prohibit her from testifying about diagnoses, treatment, records, or prognoses of other providers unless she took that information from other providers into account at the time of treatment.  *See Goodman*, 644 F.3d at 826 (holding that opinions of physicians "specifically retained . . . to render expert testimony beyond the scope of the treatment," who "to form their opinions, . . .  reviewed information provided by [plaintiff's] attorney that they hadn't reviewed during the course of treatment" should be excluded); *Meyers*, 619 F.3d at 734–35 (excluding testimony of physicians who "prepared letters with opinions as to the causation of [plaintiff's] injuries at the request of [his] attorney, specifically for the purpose of litigation" because plaintiff "presents no evidence, and  [the court] find[s] none in the record, suggesting that either doctor previously considered or determined the cause of [plaintiff's] injuries during the course of treatment").

Plaintiff states that Dr. Wong "will testify consistent with her medical records,"

Docket No. 55 at 9, and acknowledges that a treating physician's testimony is "based upon [the physician's] personal knowledge of the treatment of the patient and not information acquired from outside sources for the purpose of giving an opinion in anticipation of trial." *Id.* at 7–8 (quoting *Trejo*, 2007 WL 2221433, at *1). Plaintiff also states that, "[w]hen a witness'[s] testimony is limited to his or her observations, diagnosis and treatment of a patient, the physician 'is testifying about what he saw and did and why he did it, even though the physician's treatment and [] testimony about that treatment are based on [the physician's] specialized knowledge and training.'" *Id.* at 8 (quoting *Carbaugh*, 2014 WL 3543714, at *3). Moreover, plaintiff explains that her medical records from Dr. Wong's treatment state the cause of plaintiff's injuries. *See id.* at 10 (excerpting medical records that state, for example, "[p]lease see prior office visit note 6/28/16 with details of [motor vehicle collision] 5/27/16 that lead [sic] to this sx [sic] onset and the full exam at that time"). The relevant portion of the June 28, 2016 entry states only "MVA?: Yes – 50 MPH rear ended most impact was on driver's side where she was and she could not open her door." Docket No. 47-13 at 56. This record does not state an opinion on the cause of plaintiff's injuries. It is instead a reference to accident details presumably obtained from plaintiff. Dr. Wong may not use this reference to form an opinion for litigation on the cause of plaintiff's injuries. *See Goodman*, 644 F.3d at 826. Thus, plaintiff fails to demonstrate that Dr. Wong formed any opinions on the cause of plaintiff's injuries during the course of treating plaintiff. *See Meyers*, 619 F.3d at 734–35 (affirming grant of summary judgment where no evidence in the record suggested that plaintiff's doctors considered or determined the

11

cause of his injuries during the course of treatment).

Defendant's second argument is that, while defendant deposed Dr. Wong to inquire about her treatment of plaintiff before and after the accident, plaintiff attempted to elicit testimony from Dr. Wong in rebuttal of Dr. Messenbaugh's opinions.  Docket No. 47 at 9.  Because Dr. Wong was not disclosed as a rebuttal expert, however, defendant argues that this testimony is both untimely and inadmissible.  *Id.* at 9–10.

Rule 26 permits the "admission of rebuttal expert testimony that is 'intended solely to contradict or rebut evidence on the same subject matter identified' by an initial expert witness."  *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv. II, LLC*, No. 14-cv-00134-PAB-KMT, 2016 WL 1597529, at *2 (D. Colo. Apr. 21, 2016) (quoting *TC Sys. Inc., v. Town of Colonie*, NY, 213 F. Supp. 2d 171, 179 (N.D.N.Y. 2002)).  By contrast, "an affirmative expert serves to establish a party's case-in-chief."  *Id.* at *3 (citing *Lead GHR Enters., Inc. v. Am. States Ins. Co.*, 2014 WL 1246499, at *3 (D.S.D. Mar. 25, 2014)).

A rebuttal expert must submit a report that includes "a showing of facts supporting the opposite conclusion of those at which the opposing party's experts arrived in their response reports."  *Id.* (quoting *Bone Care Int'l, LLC v. Pentech Pharm., Inc.*, 2010 WL 3894444, *15 (N.D. Ill. Sep. 30, 2010) (citation omitted)).  "[R]ebuttal experts cannot put forth their own theories; they must restrict their testimony to attacking the theories offered by the adversary's experts."  *Int'l Bus. Machs. Corp. v. Fasco Indus., Inc.*, 1995 WL 115421, at *3 (N.D. Cal. Mar. 15, 1995); *Boles v. United States*, 2015 WL 1508857, at *2 (M.D.N.C. Apr. 1, 2015).  However, affirmative experts

may serve to "contradict an expected and anticipated portion of the other party's case-in-chief." *Spring Creek*, 2016 WL 1597529, at *2–3 (internal quotation and citation omitted); *see also Bonser v. Waste Connections of Colo., Inc.*, No. 18-cv-01514-KMT, 2020 WL 1986477, at *3–4 (D. Colo. Apr. 27, 2020) (distinguishing rebuttal experts from those who "superficially rebut[] the opinion of another expert"); *Century Indem. Co. v. Marine Grp., LLC*, 2015 WL 5521986, at *2–3 (D. Or. Sept. 16, 2015); *Amos v. Makita U.S.A.*, 2011 WL 43092, at *2 (D. Nev. Jan. 6, 2011); *In re Apex Oil Co.*, 958 F.2d 243, 245 (8th Cir. 1992).  Because Dr. Wong has not properly been disclosed as a rebuttal witness and has not submitted a rebuttal report as required by Rule 26(a)(2)(D)(ii), she may only testify about opinions found in her treatment records and reached during her treatment of plaintiff.  While her testimony may contradict Dr. Messenbaugh's, she may not testify about whether she disagrees with Dr. Messenbaugh's opinions, rebut his stated opinions, or advance her own theories, and she may not express any opinions on matters not found in her records.[1]

### b. Sufficiency of Disclosures Under Rule 26(a)(2)(C)

Defendant next argues that, even if a report under Rule 26(a)(2)(B) were not required, plaintiff's disclosures are insufficient under Rule 26(a)(2)(C).  Docket No. 47 at 10–12.  For non-retained experts, the proponent of the testimony is required to disclose

---

[1] Plaintiff argues that, because defendant failed to object to Dr. Wong's testimony at her deposition, defendant's objection is now waived.  Docket No. 55 at 15–16.  The Court need not reach this issue because Dr. Wong is not a rebuttal witness; however, the Court notes that defense counsel objected to form and foundation during the questioning at issue here.  *See* Docket No. 47-12 at 29, 106:19, 107:20.  Objections that go to the adequacy of a disclosure "go to the form of the expert reports."  *See McCoy v. Whirlpool Corp.*, 214 F.R.D. 646, 649 (D. Kan. 2003).

"(i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and (ii) a summary of the facts and opinions to which the witness is expected to testify."  Fed. R. Civ. P. 26(a)(2)(C).

Plaintiff made one Rule 26(a)(2)(C) disclosure with respect to Dr. Wong.  As mentioned previously, *see* Part II.B.1.a., plaintiff's disclosures state that all expert witnesses will be asked about causation, "including, without limitation, . . . whether the negligence with respect to which they are commenting caused or contributed to the Plaintiff's claimed injuries, losses and damages," and that Dr. Wong specifically will testify, consistent with her deposition and with " the medical records and opinions provided in the medical records from Kaiser Permanente . . . and to any record summarizing medical care provided into the future."  Docket No. 47-1 at 2, 12.

Defendant argues that this is a boilerplate disclosure and that plaintiff "does not identify treatment dates or specific medical records, or refer to any specific documents that may direct [defendant] to the nature of the non-retained expert testimony," that plaintiff does not mention testimony "pertaining to an assessment of Dr. Messenbaugh's report or causation analysis," and that it is improper for Dr. Wong to testify about plaintiff's future care because Dr. Wong has not treated plaintiff since 2019.  Docket No. 47 at 12.

As other courts have noted, there is "scant case law outlining what constitutes a sufficient disclosure under Rule 26(a)(2)(C)."  *Chambers v. Fike*, 2014 WL 3565481, at *7 (D. Kan. July 18, 2014).  The Advisory Committee for the Federal Rules has cautioned that the Rule 26(a)(2)(C) disclosure "is considerably less extensive than the report required by Rule 26(a)(2)(B)" and that "[c]ourts must take care against requiring

14

undue detail, keeping in mind that these witnesses have not been specially retained."

Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments.  At a minimum,

however, a disclosure must "obviate the danger of unfair surprise regarding the factual

and opinion testimony of the non-retained expert" and "contain more than a passing

reference to the general type of care a treating physician provided."  *Chambers*, 2014

WL 3565481, at *7.  Additionally, while a disclosure need not "outline each and every

fact to which the non-retained expert will testify or outline the anticipated opinions in

great detail," it should "provide a brief account that states the main points of the entirety

of the anticipated testimony."  *Id.* (internal quotation marks omitted).

Although referring to a physician's medical records is appropriate, a proper

non-retained expert disclosure should also identify specifics from those records in order

to meet the requirements of Rule 26(a)(2)(C).  *A.R. by Pacetti v. Corp. of President of*

*Church of Jesus Christ of Latter-Day Saints*, No. 12-cv-02197-RM-KLM, 2013 WL

5462277, at *3-4 (D. Colo. Sept. 30, 2013).  "It is not enough to state that the witness

will testify consistent with information contained [in] the medical records[.]"  *Hayes v.*

*Am. Credit Acceptance, LLC*, 2014 WL 3927277, at *2 (D. Kan. Aug. 12, 2014)..

"[C]itation to records with no clear indication of what sections will be used or how the

facts or opinions will be framed and presented in testimony does not constitute a

'summary of the facts and opinions to which the witness is expected to testify' within the

meaning and requirements of Rule 26(a)(2)(C)(ii)."  *A.R. by Pacetti*, 2013 WL 5462277,

at *3 (quoting Fed. R. Civ. P. 26(a)(2)(C)(ii)).

Moreover, "[d]esignation of [] a prodigious volume of material does not constitute

a summary of the facts to which the witnesses will testify within the meaning and requirements of Rule 26(a)(2)(C)." *Nicastle v. Adams Cnty. Sheriff's Office*, No. 10-cv-00816-REB-KMT, 2011 WL 1674954, at *1 (D. Colo. May 3, 2011); *see Alarid v. Biomet, Inc.*, No. 14-cv-02667-REB-NYW, 2015 WL 5833839, at *4 (D. Colo. Oct. 7, 2015) (finding that an expert disclosure could not meet the obligations of Rule 26(a)(2)(C) "by merely pointing to large swaths of information, like general references to otherwise unidentified" testimony and documentation).

The Court finds that plaintiff's disclosures do not satisfy the requirements of Rule 26(a)(2)(C) because they are no more than a "passing reference to the general type of care [Dr. Wong] provided" and, for the most part, do not "obviate the danger of unfair surprise" to defendant. *See id.*; *see also Patton v. Jacobs Eng'g Grp. Inc.*, 2016 WL 1090566, at *3 (M.D. La. Mar. 18, 2016) (finding Rule 26(a)(2)(C) disclosure insufficient where it "broadly identified the 'subject matter' on which each of [plaintiff's] treating physicians [was] expected to testify (psychology, psychiatry, speech-language pathology, and orthopedic surgery)" but did "not even arguably provide 'a summary of the facts and opinions' to which each of these treating physicians [was] expected to testify"); *Velasquez v. Danny Herman Trucking, Inc.*, 2015 WL 8764271, at *2 (S.D. Tex. Dec. 15, 2015) (finding "generalized summary" that applied to all experts collectively insufficient under Rule 26(a)(2)(C)); *Tolan v. Cotton*, 2015 WL 5332171, at *2, *7 (S.D. Tex. Sept. 14, 2015) (finding disclosures insufficient under Rule 26(a)(2)(C) where the plaintiffs "merely named the five baseball players and conclusorily claimed that they 'will offer opinions and testimony regarding Robert Tolan's prospects as a

16

major league baseball player before and after his injuries'" and did not "identify the actual substance of the opinions and testimony beyond stating that 'Robert Tolan had the talent and skill to have a long-term career as a professional baseball player'"); *Williams v. Louisiana*, 2015 WL 5438596, at *4 (M.D. La. Sept. 14, 2015) (finding disclosure insufficient under Rule 26(a)(2)(C) where plaintiff "produced medical records alone" and failed to provide any "actual summary of the facts and opinions to which the witness [was] expected to testify"). Plaintiff has provided a generalized disclosure that purports to apply to all experts and a disclosure regarding Dr. Wong that fails to summarize any facts or note any opinions about which Dr. Wong will testify. *See* Docket No. 47-1 at 2, 12.

The Advisory Committee's note to the 2010 amendments states that the amended version of Rule 26(a)(2)(C) "mandate[s] summary disclosures of the opinions to be offered by expert witnesses who are not required to provide reports under Rule 26(a)(2)(B) and of the facts supporting those opinions." Fed. R. Civ. P. 26 advisory committee notes, 2010 amendments. Thus, while plaintiff is not required to "outline each and every fact," *Chambers*, 2014 WL 3565481, at *7, she must at least provide a brief account of the principal facts supporting Dr. Wong's opinions. *See Little Hocking Water Ass'n, Inc. v. E.I. DuPont de Nemours & Co.*, 2015 WL 1105840, at *9 (S.D. Ohio Mar. 11, 2015) (holding that Rule 26(a)(2)(C) requires "a summary of facts supporting [the expert's] opinions" – i.e., "a brief account of facts . . . that states the main points derived from a larger body of information"); *Hayes*, 2014 WL 3927277, at *3 (finding that plaintiffs' disclosures "[fell] short . . . concerning the anticipated testimony that

17

defendants' conduct proximately caused" the injuries alleged because they "lack[ed]
any factual detail describing how this [was] the case").  "It is not enough [for a Rule
26(a)(2)(C) disclosure] to state that the witness will testify consistent with information
contained in the medical records."  *Nosewicz*, 2019 WL 4248895, at *5 (citation
omitted).  "Instead, the disclosure must 'summarize actual and specific opinions' and, if
a physician is to opine on causation, explain 'how' and 'why' the physician reached a
particular opinion."  *Id.* (citation omitted).  A disclosure as to a non-retained expert
physician should "summarize the factual basis" for the opinions as well as "specifics"
from the medical records in order to meet the requirements of Rule 26(a)(2)(C).  *Id.* at
*5–6.  "[C]itation to records with no clear indication of what sections will be used or how
the facts or opinions will be framed and presented in testimony does not constitute a
'summary of the facts and opinion to which the witness is expected to testify' within the
meaning and requirements of Rule 26(a)(2)(C)(ii)."  *Id.* at *6 (citation omitted).  The
Court finds that plaintiff's disclosure does not comply with Rule 26(a)(2)(C).

### c.  Appropriateness of Exclusion as a Sanction Under Rule 37(c)

Because the Court finds that plaintiff's disclosures regarding Dr. Wong do not
comply with the requirements of Rule 26(a)(2)(C), the Court must determine whether to
exclude Dr. Wong's testimony under Fed. R. Civ. P. 37(c).  Pursuant to that rule, a party
that fails to properly disclose an expert witness as required under Rule 26(a)(2) may not
"use that information or witness to supply evidence on a motion, at a hearing, or at a
trial, unless the failure was substantially justified or is harmless."  Fed. R. Civ. P.
37(c)(1).  The party that fails to disclose has the burden of showing that its failure to

18

comply with Rule 26(a)(2) was substantially justified or harmless.  *Skarda v. Johnson & Johnson*, 2014 WL 12792345, at *1 (D.N.M. June 30, 2014) (citing *Wilson v. Bradlees of New England Inc.*, 250 F.3d 10, 21 (1st Cir. 2001)).  Although "[t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court," four factors should guide a court's analysis: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness."  *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Considering these factors, the Court finds that the exclusion of all of Dr. Wong's testimony is unwarranted.  Rather, the Court will limit her testimony to only her "observations, diagnosis and treatment" of plaintiff, i.e., "what [s]he saw and did and why [s]he did it."  *See Davis*, 2012 WL 882405, at *2; *Goodman*, 644 F.3d at 819, 824–25; *Meyers*, 734–35.  First, defendant is not claiming surprise, except justifiably as to Dr. Wong's rebuttal opinions.  These opinions will be excluded.  Otherwise, defendant has copies of Dr. Wong's medical records.  Plaintiff provided her medical records twice, in July 2019 and again in March 2020.  Docket No. 55 at 11; *see also Seeley*, 2018 WL 4275375, at *5 (noting that, although plaintiff had not "disclosed the factual basis for each of [his expert's] opinions, he ha[d] supplied [the expert's] medical records, which provide at least some notice of the relevant facts").  Moreover, defendant has also disclosed Dr. Wong as an expert witness, and she is identified as a will-call witness by both parties in the Final Pretrial Order.  *See* Docket No. 55-1 at 4

19

(defendant's initial Rule 26(a)(2) disclosures); Docket No. 59 at 14 (Final Pretrial Order).

The Court also finds that the second and third factors weigh against the exclusion of all of her opinions. Any prejudice that could result from plaintiff's insufficient disclosure can be cured without any disruption to the trial, which is not set until May 2022, by allowing plaintiff to supplement her disclosures. *See, e.g.*, *Hayes*, 2014 WL 3927277, at *4 (finding that any prejudice caused by inadequate disclosures could be "cured by allowing plaintiffs to supplement their disclosures"); *see also Seeley*, 2018 WL 4275375, at *5.

As to the fourth factor, the Court does not find evidence of bad faith or willfulness. Defendant states that "[t]here is also an element of bad faith in [plaintiff's] failure to properly disclose Dr. Wong's opinions, particularly her rebuttal opinions." Docket No. 47 at 13. Defendant continues by noting that plaintiff "has known of Dr. Messenbaugh's opinions since November 20, 2019" and states that plaintiff "both failed to provide a report, or even an adequate summary of the basis and reasons for Dr. Wong's opinions[] and failed to disclose Dr. Wong's rebuttal opinions until her deposition on December 14, 2020, more than a year after Dr. Messenbaugh's report was provided." *Id.* at 13–14. Defendant does not show how this amounts to bad faith, however. Plaintiff seems to have believed that the deficient endorsement of Dr. Wong allowed plaintiff to ask Dr. Wong about Dr. Messenbaugh's opinion on cross-emanation at Dr. Wong's deposition. This does not amount to bad faith. Even still, because the remaining *Woodworker's Supply* factors all counsel against excluding Dr. Wong's testimony, defendant's request for such relief will be denied. Within 14 days of this

order, plaintiff will be required to supplement her disclosures by identifying each opinion from Dr. Wong's records that Dr. Wong will testify to and the factual basis for each of those opinions.  *See* Fed. R. Civ. P. 26(a)(2)(C); *Seeley*, 2018 WL 4275375, at *6. General references to plaintiff's medical records will not be sufficient.

Given that expert discovery has closed, plaintiff shall also make Dr. Wong available for an additional deposition, if defendant chooses, at plaintiff's expense, to ensure that there is no prejudice to defendant due to plaintiff's failure to comply with Rule 26(a)(2)(C).  *See, e.g.*, *Benn v. Metro-N. Commuter R.R. Co.*, 2019 WL 6467348, at *10 (D. Conn. Dec. 2, 2019) (possible prejudice for Rule 26(a)(2)(C) could be remedied by requiring non-compliant party to bear deposition costs of the additional discovery); *Schmelzer v. Muncy*, 2019 WL 3842335, at *6 (S.D. Ill. Aug. 14, 2019) (ordering additional depositions on party's failure to identify witnesses as experts, rather than excluding the witness); *Moroughan v. Cnty. of Suffolk*, 320 F. Supp. 3d 511, 525 (E.D.N.Y. 2018) (allowing additional discovery, "[n]otwithstanding the delinquency of the . . . defendants," because "a trial date has not been set and the prejudice to the plaintiff can be offset");  *Beauchamp v. City of Dixon*, 2014 WL 901437, at *8 (N.D. Ill. Mar. 7, 2014) (ordering additional depositions on party's failure to identify witnesses as experts, rather than excluding the witness); *Armer v. Golden Corral Corp.*, 2013 WL 12171159, at *3 (W.D. Okla. Aug. 28, 2013) (granting defendant permission to take additional deposition of treating physician whose proposed testimony exceeded scope of treatment); *Cooke v. Town of Colo. City*, 2013 WL 551508, at *5 (D. Ariz. Feb. 13, 2013) (noting that Rule 26(a)(2)(C) "strikes a balance between requiring an expert

report from a witness like a treating physician, who was not specifically retained to provide expert testimony, and requiring a defendant to search through hundreds of pages of medical records in an attempt to guess at what the testimony of a treating physician might entail."); *Valentin v. Cnty. of Suffolk*, 342 F. App'x 661, 662 (2d Cir. 2009) (summary order) (the district court acted "within its discretion" by declining to preclude the opinions of the defendants' belatedly disclosed expert and, instead, directing the defendants to make the expert available for a deposition at plaintiff's request).

### 2. Other Non-Retained Experts

Defendant has also filed a motion pursuant to Rule 26(a)(2)(C) to exclude or limit the testimony of plaintiff's other treating providers, all non-retained experts, on issues of causation, physical impairment, permanency of plaintiff's injuries, or other issues beyond the scope of their treatment of plaintiff. *See generally* Docket No. 48. Defendant states that its motion is directed to "all of [plaintiff's] treating health care providers identified as non-retained experts in [plaintiff's] Rule 26(a)(2) disclosures" except for Dr. Wong. *Id.* at 2 n.1. These providers include: Peter Witt, M.D.; Michelle DeGrave, P.A.; Joshua Scheidler, M.D.; Oscar Sanchez, M.D.; "[p]hysicians and staff [at] Kaiser Permanente as identified in the medical records"; Frederic Sonstein, M.D.; "[p]hysicians and staff of Spine One as identified in the medical records"; "[p]hysicians and staff of St. Joseph Hospital as identified in the medical records"; "[p]hysicians and staff of Sky Ridge Medical Center as identified in the medical records"; "[p]hysicians and staff of University of Colorado Hospital as identified in the medical records"; "[p]hysicians and staff of Providence PT as identified in the medical records"; "[a]ny and

22

all custodians of medical and billing records"; and "[a]ll individuals identified in [p]laintiff's medical records produced with [p]laintiff's Initial and Supplemental Disclosures."  Docket No. 47-1 at 11–16.

Defendant argues that, where the treating providers are endorsed to "testify to matters that are beyond the scope of provided treatment, such as injury causation, reports compliant with Fed. R. Civ. P. 26(a)(2)(B) must be disclosed."  Docket No. 48 at 2.  Alternatively, even if reports under Rule 26(a)(2)(B) were not required, defendant argues that plaintiff's Rule 26(a)(2)(C) disclosures were inadequate because they only contain "generic statements regarding testimony about causation or opinions contained in the medical records."  *Id.* at 2–3.

In response, plaintiff states that she "does not intend to call the treating physicians at trial."  *Id.* at 2 (citing Docket No. 53 at 13 (proposed final pretrial order)). The Final Pretrial Order, entered on February 11, 2021, confirms that none of plaintiff's other providers who are mentioned in defendant's motion will testify.  Docket No. 59 at 12–14.  The Court will therefore deny as moot this portion of defendant's motion.

### III.  MOTION TO EXCLUDE OR LIMIT TESTIMONY OF NON-RETAINED EXPERTS PURSUANT TO FED. R. EVID. 702

Defendant finally seeks to preclude plaintiff from presenting "any testimony from [plaintiff's] treating health care providers regarding issues of medical causation, physical impairment, permanency of injury, or any other issues beyond the scope of their provision of treatment to her."  Docket No. 49 at 2.  Defendant points to plaintiff's initial Rule 26(a)(2) expert witness disclosures, which, as the Court has stated previously, identify six treating physicians and "other unidentified providers" as non-retained expert

witnesses. *Id.* (citing Docket No. 47-1).

As an initial matter, defendant's motion fails to fully comply with the Court's Practice Standards, which state that a Rule 702 motion "shall identify with specificity each **opinion** the moving party seeks to exclude." Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.G. While defendant provides a number of examples of opinions that it wishes to exclude, it nevertheless makes a generalized challenge and seeks to preclude multiple experts testifying at all during the trial. *See, e.g.*, Docket No. 49 at 2 ("Therefore, any such opinions must be excluded pursuant to Fed. R. Evid. 702."). The Court is unable to rule that all of plaintiff's experts' opinions should be excluded in their entirety because defendant has failed to demonstrate that each opinion set forth by those experts should be excluded. As a result, the Court will construe defendant's motion as a challenge to those opinions that its motion reasonably identifies. *See, e.g.*, *id.* at 10–12.

### A. Legal Standard

Rule 702 of the Federal Rules of Evidence provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. As the rule makes clear, while required, it is not sufficient that an expert be qualified based upon knowledge, skill, experience, training, or education to give opinions in a particular subject area. Rather, the Court must "perform[] a two-step

24

analysis." *103 Investors I, L.P. v. Square D Co.*, 470 F.3d 985, 990 (10th Cir. 2006).

After determining whether the expert is qualified, the proffered opinions must be

assessed for reliability.  *See id.*; Fed. R. Evid. 702 (requiring that the testimony be

"based on sufficient facts or data," be the "product of reliable principles and methods,"

and reflect a reliable application of "the principles and methods to the facts of the

case").

      In ruling on a Rule 702 motion, the district court has a "gatekeeper function to

'ensure that any and all scientific testimony or evidence admitted is not only relevant,

but reliable.'"  *United States v. Gabaldon*, 389 F.3d 1090, 1098 (10th Cir. 2004)

(quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993)).  To perform

that function, a court must "assess the reasoning and methodology underlying the

expert's opinion, and determine whether it is both scientifically valid and applicable to a

particular set of facts."  *Dodge v. Cotter Corp.*, 328 F.3d 1212, 1221 (10th Cir. 2003)

(citing *Daubert*, 509 U.S. at 592–93).  Where an expert witness relies on experience,

the expert "must explain how that experience leads to the conclusion reached, why that

experience is a sufficient basis for the opinion, and how that experience is reliably

applied to the facts."  *United States v. Medina-Copete*, 757 F.3d 1092, 1104 (10th Cir.

2014) (quoting Fed. R. Evid. 702, advisory committee notes).  When examining an

expert's method, however, the inquiry should not be aimed at the "exhaustive search for

cosmic understanding but for the particularized resolution of legal disputes."  *Daubert*,

509 U.S. at 597.  It is the specific relationship between an expert's method, the

proffered conclusions, and the particular factual circumstances of the dispute that

renders testimony both reliable and relevant.

In addition to the witness having appropriate qualifications and methods, the proponent of the witness's opinions must demonstrate that the process by which the witness derived his or her opinions is reliable. *United States v. Crabbe*, 556 F. Supp. 2d 1217, 1220 (D. Colo. 2008). "[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Ultimately, the test requires that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.*

While the proponent of the challenged testimony has the burden of establishing admissibility, the proffer is tested against the standard of reliability, not correctness, *see Allstate Sweeping, LLC v. City & Cnty. of Denver*, No. 10-cv-00290-WJM-MJW, 2011 WL 2173997, at *3 (D. Colo. June 2, 2011); the proponent need only prove that "the witness has sufficient expertise to choose and apply a methodology, that the methodology applied was reliable, that sufficient facts and data as required by the methodology were used and that the methodology was otherwise reliably applied." *Crabbe*, 556 F. Supp. 2d at 1221.

Assuming the standard for reliability is met, the Court must also ensure that the proffered testimony will assist the trier of fact. *See Kumho Tire*, 526 U.S. at 156; *United States v. Rodriguez-Felix*, 450 F.3d 1117, 1122-23 (10th Cir. 2006). "Relevant expert testimony must logically advance[] a material aspect of the case and be sufficiently tied to the facts of the case that it will aid the jury in resolving a factual dispute." *United*

*States v. Garcia*, 635 F.3d 472, 476 (10th Cir. 2011) (quotations and citations omitted). In assessing whether expert testimony will assist the trier of fact, a court should also consider "whether the testimony 'is within the juror's common knowledge and experience,' and 'whether it will usurp the juror's role of evaluating a witness's credibility.'" *Id.* at 476-77 (quoting *Rodriguez-Felix*, 450 F.3d at 1123).

Finally, Federal Rule of Evidence 403 permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## B. Analysis

Defendant argues that, because plaintiff's initial Rule 26(a)(2) disclosures were not "accompanied by any reports setting forth [the experts'] opinions or the basis and reasons supporting" the opinions and because neither the disclosures nor accompanying medical records describe a methodology to show how the experts reached their opinions, any opinions on the issues of "medical causation, physical impairment, permanency of injury," or any other issue beyond the scope of the provider's care must be excluded under to Rule 702. Docket No. 49 at 2. Defendant's motion identifies only opinions offered by Dr. Wong. These opinions include the following statements from Dr. Wong's deposition: "and then this car accident happened, so now she's got acute pain, and now my concern is, how am I going to get my patient to survive a flight that is that long," *id.* at 10 (quoting Docket No. 47-12 at 14, 48:16–19; "[s]he had had a – a fracture after the car accident that was found in her pelvic girdle,"

*id.* (quoting Docket No. 47-12 at 16, 57:21–22); "[i]f she has body aches that are outside of what is her usual, I worry that it might have been the car accident, and she would need office visit with me," *id.* (quoting Docket No. 47-12 at 26,  95:10–12); "[i]n this case, it's specific and stating that it started after – by 20 – the – the car accident on that date," *id.* (quoting Docket No. 47-12 at 26, 97:21–23); "[a]nd Ms. Vanderlaan was prescribed the oxycodone because of the motor vehicle collision; is that correct?  A: Due to back pain, due to the motor vehicle collision, yes." *Id.* (quoting Docket No. 47-12 at 32, 120:23–121:2).[2]  Pursuant to the Court's practice standards, the Court considers defendant's arguments to exclude only these opinions.  *See* Practice Standards (Civil cases), Chief Judge Philip A. Brimmer, § III.G.  Moreover, as discussed previously, plaintiff appears to concede that no treating physician other than Dr. Wong will testify at trial.  *See* Docket No. 57 at 2.

Defendant's principal argument is that neither plaintiff's disclosures nor the medical records referred to in the disclosures demonstrate that Dr. Wong used the type of methodology that would make her testimony on causation admissible.  Docket No. 49 at 7.  Defendant argues that Dr. Wong did not see photographs of the collision or the vehicles or have knowledge of the collision based on anything other than plaintiff's "subjective history."  *Id.*  Because there is no explanation of Dr. Wong's methodology for determining the cause of plaintiff's injuries, defendant insists that there is, at most, an "attenuated temporal relationship between the accident and [plaintiff's] coccyx and

---

[2] Defendant also identifies a number of opinions from Dr. Wong's deposition expressing disagreement with Dr. Messenbaugh's opinions.  *See, e.g.*, *id.* at 11–12. The Court previously excluded these opinions pursuant to Rule 26 and need not consider defendant's arguments in the context of Rule 702.

lower back pain complaints," but that this is insufficient.  *Id.* at 9.  Moreover, defendant

argues that reliance on a patient's subjective complaints is not a valid methodology.  *Id.*

at 10.

The Court will deny defendant's motion as moot.  An expert's testimony at trial is

limited to opinions properly disclosed pursuant to Rule 26, unless the failure to disclose

was substantially justified or harmless.  *See Cook v. Rockwell Int'l Corp.*, 580 F. Supp.

2d 1071, 1169 (D. Colo. 2006); Fed. R. Civ. P. 37(c)(1).  The Court previously found

that Dr. Wong's failure to comply with Rule 26(a)(2)(C) was neither substantially

justified nor harmless.  *See Woodworker's Supply*, 170 F.3d at 993.  Therefore,

because the opinions that defendant identifies from Dr. Wong's deposition could not be

offered at trial under Rule 37(c)(1), the Court need not consider whether the opinions

should also be excluded under Rule 702.

## IV.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that Defendant's Renewed Motion to Exclude or Limit the Testimony

of Plaintiff's Non-Retained Expert, Dr. Sameerah Wong [Docket No. 47] is **GRANTED**

**in part** and **DENIED in part**.  It is further

**ORDERED** that within 14 days of this order, plaintiff will be required to

supplement her disclosures in compliance with Rule 26(a)(2)(C).  It is further

**ORDERED** that Defendant's Renewed Motion to Exclude or Limit the Testimony

of Plaintiff's Non-Retained Experts [Docket No. 48] is **GRANTED in part** and **DENIED**

**as moot in part**.  It is further

**ORDERED** that Defendant's Renewed Motion to Exclude or Limit the Testimony of Plaintiff's Non-Retained Experts Pursuant to Fed. R. Evid. 702 [Docket No. 49] is **DENIED as moot**.

DATED September 28, 2021.

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge